# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE HERRERA-MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-408

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Herrera-Mata pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 60 months of imprisonment and three years of supervised release. Herrera-Mata challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Because the record reveals no objection to the sentence other than a request for a sentence below the guidelines based on cultural assimilation, the plain error standard of review applies to all of his other arguments. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

As he concedes, Herrera-Mata's argument that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 lacks empirical support has been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). His argument that his guidelines range was greater than necessary as a result of "double counting" his criminal history is unavailing. The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). We have rejected the argument that such double-counting necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31. We have also previously rejected Herrera-Mata's argument that the offense of illegal reentry is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Herrera-Mata's argument concerning his cultural assimilation and his benign motive for reentry fails to rebut the

presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

The district court considered Herrera-Mata's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Herrera-Mata's prior conviction for aggravated kidnapping and his other criminal convictions, prior to imposing a sentence within the Guidelines. Herrera-Mata's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See Cooks*, 589 F.3d at 186.

Herrera-Mata has not demonstrated that the district court abused its discretion or plainly erred by sentencing him to a within-guidelines sentence of 60 months.  *See Gall*, 552 U.S. at 51; *Puckett*, 556 U.S. at 134-35.  The judgment of the district court is AFFIRMED.